Citation Nr: 1340186 
Decision Date: 12/05/13 Archive Date: 12/20/13

DOCKET NO. 09-44 275 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Whether new and material evidence has been submitted in order to reopen a claim of entitlement to service connection for an upper and lower back disorder. 

2. Whether new and material evidence has been submitted in order to reopen a claim of entitlement to service connection for fibromyalgia. 

3. Entitlement to service connection for an upper and lower back disorder.

4. Entitlement to service connection for hypertension.

5. Entitlement to service connection for an acquired psychiatric disorder, characterized as depression and bipolar disorder. 

6. Entitlement to a total disability rating based on individual unemployability (TDIU). 



REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

B. Thomas Knope, Counsel


INTRODUCTION

The Veteran served on active duty from September 1978 to September 1981. 

This matter is on appeal from a May 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas. 

The Veteran later testified before the undersigned Acting Veterans Law Judge in February 2012. A transcript of the hearing is of record.

The issue of entitlement to service connection for sleep apnea has been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 





FINDINGS OF FACT

1. In an April 2006 rating decision, the claim of entitlement to service connection for a back disorder was denied on the basis that this disorder preexisted service and was not aggravated by service. 

2. The evidence added to the record since the April 2006 decision became final, when viewed by itself or in the context of the entire record, relates to an unestablished fact that is necessary to substantiate the claim of service connection for a back disorder. 


CONCLUSIONS OF LAW

1. The April 2006 rating decision that denied the Veteran's claim for entitlement to service connection for a back disorder is final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. § 20.1103 (2013).

2. The evidence received subsequent to the April 2006 rating decision is new and material, and the requirements to reopen the claim for entitlement to service connection for a back disorder have been met. 38 U.S.C.A. §§ 5108, 7105 (West 2002 & Supp. 2013); 38 C.F.R. § 3.102, 3.156 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA Duty to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013). In this case, to the extent it is being adjudicated, the Board is granting in full the benefit sought on appeal. Accordingly, assuming, without deciding, that there was any error with respect to either the duty to notify or the duty to assist, such error was harmless and need not be further considered.

New and Material Evidence

In order for evidence to be sufficient to reopen a previously disallowed claim, it must be both new and material. If it is determined that new and material evidence has been submitted, the claim must be reopened. Manio v. Derwinski, 1 Vet. App. 140 (1991). "New" evidence is defined as evidence not previously submitted to agency decision-makers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. If it finds that the submitted evidence is new and material, VA may then proceed to evaluate the merits of the claim on the basis of all evidence of record, but only after ensuring that the duty to assist the veteran in developing the facts necessary for the claim has been satisfied. See Elkins v. West, 12 Vet. App. 209 (1999); but see 38 U.S.C.A. § 5103A (eliminates the concept of a well-grounded claim).

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Furthermore, consideration is not limited to whether the newly submitted evidence relates specifically to the reason the claim was last denied, but instead should include whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the Secretary's duty to assist or through consideration of an alternative theory of entitlement. Shade, 24 Vet. App. at 118. For the purpose of establishing whether new and material evidence has been received, the credibility of such evidence is to be presumed unless "patently incredible." See Duran v. Brown, 7 Vet. App. 216 (1994); Justus v. Principi, 3 Vet. App. 510, 513 (1992). 

In this case, the Veteran has submitted a claim seeking service connection for a back disorder, which includes both the lumbar and thoracic areas. This claim was previously denied by the RO in April 2006 on the basis that the Veteran injured his back prior to service and that there was no evidence that this back disorder increased in severity during service. He submitted a timely notice of disagreement to this decision in January 2007, and a statement of the case was issued in response in May 2008. However, he did not perfect his appeal within the necessary time frame, and the decision became final. He also did not submit any new and material evidence within a year of the April 2006 rating decision. See Buie v. Shinseki, 24 Vet. App. 242 (2011). This represents the last final denial of the claim

Based on the evidence of record since the last final denial, this claim should be reopened. In this regard, the Veteran's induction physical examination reports from an August 1978 record that he had a back injury in June 1978. However, there is no evidence regarding the nature of that injury, and no diagnosis of any back disorder at that time. 

The law is well-established that an induction physical examination that notes a prior injury is not sufficient by itself to establish that a disorder preexisted service. See 38 C.F.R. § 3.304(b)(1)(stating that a mere history of pre-service existence of conditions recorded at the time of examination does not constitute evidence that the disorder in fact preexisted service); see Crowe v. Brown, 7 Vet. App. 238 (1995) (finding that a physician's note on an entrance examination report only referring to the Veteran's reported history of a disability is not recorded in an examination report within the meaning of 38 C.F.R. § 3.304(b) and the presumption of soundness attaches). Consequently, since no back disorder was actually diagnosed or noted at the time of entry into service, the presumption of soundness would attach.

During the course of this appeal, the Veteran has asserted that he experiences nerve-type pain in the extremities that he believes is related to his back injury. In fact, although he also has a claim for fibromyalgia, his testimony before the Board in February 2012, suggests that he may be experiencing neuropathy rather than fibromyalgia. This is also consistent with the symptoms he described during active duty. 

Given these statements, which the Board must presume are credible for purposes of new and material evidence, the Board finds that it is reasonably likely that the Veteran is describing a back disorder that is to the spine, and which is independent from any back problem that was not evidence at the time of his enlistment into active service. Therefore, his statements constitute new and material evidence, and the claim should be reopened. See Shade, 24 Vet. App. at 110.


ORDER

New and material evidence having been submitted, the application to reopen a previously denied claim of entitlement to service connection for an upper and lower back disorder is granted, and the claim is reopened. 


REMAND

Unfortunately, the claims on appeal must be remanded for additional development before they may be adjudicated. First, at his hearing before the Board in February 2012, and in written letters beforehand, the Veteran stated that he is receiving disability benefits from the Social Security Administration (SSA). However, there is no indication in the record that the RO ever sought to obtain the records associated with this application for benefits. VA is required to obtain relevant records held by any Federal department or agency that the claimant adequately identifies and authorizes the Secretary to obtain. Therefore, these records must be acquired. Murincsak v. Derwinski, 2 Vet. App. 363, 372 (1992); but see Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010). 

Next, the Veteran also stated at his hearing before the Board that he was originally diagnosed with hypertension while at the VA Medical Center in Dallas, Texas, in 1981 and also received treatment from the VA Medical Center in Minneapolis, Minnesota. However, there are no VA records in the claims file from any VA Medical Center from prior to 1998. An attempt should be made to acquire all relevant VA records. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992) (records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file). 

Finally, the Board has determined that VA examinations are necessary for the Veteran's back and psychiatric disorder claims. Significantly, the service treatment records reflect that he underwent significant treatment for back symptoms, and was actually confined to his bed for some periods of time. Thus, there is evidence of an "injury" in service. As for his psychiatric complaints, he stated at his hearing that he was given medication in service for what were characterized as "mood swings." Therefore, in order to best adjudicate these claims, VA examinations and opinions are necessary. 

Accordingly, the case is REMANDED for the following action:

1. Request from the Veteran information regarding which specific VA Medical Centers he has received treatment from since leaving active duty service in 1981. 

After allowing a sufficient time to respond, acquire any treatment records that may be available from the VA Medical Centers in:

* Minneapolis, Minnesota;
* Little Rock Arkansas; 
* Shreveport, Louisiana;
* Dallas, Texas; and
* Records from any other VA Medical Center where the Veteran claims he has been treated.

All requests should cover the period from 1981 to the present. 

If the Veteran has undergone any relevant private treatment, and the records of such treatment have not been associated with the claims file, such records should also be acquired after obtaining his authorization.

2. Obtain the Veteran's SSA records, including the medical evidence used to determine disability eligibility. If no SSA records are available, it should be so noted in the claims file.

3. After the above has been accomplished, schedule the Veteran for a psychiatric examination to determine the nature and etiology of any acquired psychiatric disorder that may exist, such as anxiety disorder, PTSD or depression. The entire claims file, to include a complete copy of this remand, should be made available and reviewed by the examiner.

Based on a thorough review of the evidence of record, the examiner should provide an opinion as to whether it is at least as likely as not (i.e. a probability of 50 percent or greater) that any acquired psychiatric disorder had its onset in service or is otherwise etiologically related to the Veteran's active service.

Although it has not been asserted by the Veteran, in the event that the examiner diagnoses PTSD, and such a diagnosis may be attributed to a specific stressor event, the AMC should make all reasonable attempts to verify this stressor event with the appropriate research facilities. If the examiner concludes that a diagnosis of PTSD is warranted based on "fear of hostile military or terrorist activity" the examiner should specifically describe the stressor upon which such a diagnosis is based. In this regard, the examiner may make observations about the Veteran's credibility regarding the fear he experienced in relationship to such activities.

4. Schedule the Veteran for a VA examination in order to determine the nature, extent, onset and etiology of the Veteran's upper and lower back disorders. After reviewing the claims file, the examiner should express opinions as to the following:

a. Whether it is clear and unmistakable (obvious, manifest, and undebatable) that any currently diagnosed back disorder preexisted the Veteran's active service. 

b. Whether it is clear and unmistakable (obvious, manifest, and undebatable) that any such preexisting back disorder was not permanently worsened during the Veteran's service, and that any increase in disability was due to the natural progress of the disease.

c. If the answer to either (a) or (b) is no, whether it is at least as likely as not (i.e., a 50% possibility or greater) that any currently diagnosed back disorder had its clinical onset during the Veteran's service or is otherwise related to any in-service disease, event, or injury. 

All opinions must be accompanied by an adequate reasons and bases. Such reasons and bases may include, but is not limited to, the presence of symptomatology in service, specifically cited medical literature, and past evidence in the record, especially prior VA examination reports.

The examiner must consider the Veteran's lay statements regarding this disorder. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

5. After completion of the foregoing, readjudicate the issues on appeal. If the benefit sought remains denied, the Veteran and his representative must be furnished a supplemental statement of the case and be given an opportunity to submit written or other argument in response before the claims file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




______________________________________________
Michael J. Skaltsounis
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs